UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL WARD,<br><br>        Plaintiff,<br>    v.<br>AMANDA, et al.,<br><br>        Defendants. | Case No. 3:25-cv-00067-ART-CSD<br><br>ORDER |

Plaintiff Michael Ward filed this civil-rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's first amended complaint, deferred ruling on his application to proceed *in forma pauperis* ("IFP"), and found that he stated colorable claims against eleven Defendants—Nurse Laura Chan, Nurse Norma, Nurse Amanda, Officer Ray, Nurse Weston, Dr. Barrett, Officer Halling, CCS Conlin, Director James Dzurenda, AW J. Hartman, and Officer Samsel. (ECF No. 12.) The Court also allowed Plaintiff to file an optional second amended complaint. (*See id.*) On August 19, 2025, when Plaintiff had not filed a second amended complaint by the deadline, the Court stayed this case for 90 days and stated that it would refer the case to the Inmate Early Mediation ("IEM") Program. (ECF No. 13.) On September 2, 2025, counsel entered an appearance on Plaintiff's behalf. (ECF No. 14.) An IEM conference is yet to be set.

The Court's IEM Program is intended to facilitate meaningful settlement discussions at an early stage of a case. However, the Court generally reserves the limited resources of its IEM Program for cases where inmates are representing themselves. That is because inmates represented by counsel can rely on their attorneys to engage in settlement discussions. Because Plaintiff is now represented by counsel, the Court lifts the stay, removes the case from the IEM track, and sets the case on the normal litigation track. The Court

1  encourages the parties to engage in settlement discussions on their own.

2  Before this case can proceed, however, Plaintiff must resolve the filing fee. Plaintiff's IFP application reflects that he can afford to pay the full $405 filing fee in advance. (*See* ECF No. 4 at 8.) In its screening order, the Court allowed Plaintiff to submit an updated IFP application to reflect any changes in his financial situation (ECF No. 12 at 1 n.1), but he did not do so. The Court therefore denies Plaintiff's IFP application, and he must pay the full filing fee within 30 days from the date of this order. If Plaintiff does not pay the fee by that deadline, this case will be dismissed. If Plaintiff does pay the fee, the Court will enter an order regarding his obligation to perfect service of process on Defendants.

It is therefore ordered that this case is no longer stayed.

It is further ordered that this case is removed from the IEM track and set on the normal litigation track.

It is further ordered that Plaintiff's IFP application (ECF Nos. 1, 4) is denied.

It is further ordered that Plaintiff has 30 days from the date of this order to pay the $405 filing fee in one lump sum.

It is further ordered that, if Plaintiff does not pay the filing fee by that deadline, this case will be dismissed.

It is further ordered that, if Plaintiff pays the filing fee, the Court will enter an order regarding his obligation to perfect service of process on Defendants.

DATED: September 5, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2